UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERGEY KISLYANKA, *et al.*,

Plaintiffs,

v.

CLEAR RECON CORP., *et al.*,

Defendants.

NO. C19-0673RSL

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO
DISMISS

This matter comes before the Court on the Wells Fargo defendants' "Motion to Dismiss Plaintiffs' Complaint Pursuant to FRCP 12(b)(6)." Dkt. # 7. Clear Recon Corp. has joined in the motion. Dkt. # 9.

Plaintiffs allege that, on January 28, 2005, they entered into a residential mortgage loan transaction and a Deed of Trust with World Savings Bank, FSB, as the lender. Seven years later, defendant Wells Fargo appointed a successor trustee pursuant to the Washington Deed of Trust Act ("DTA"). A series of Notices of Trustee Sale were recorded between February 2013 and August 2018. On September 30, 2018, plaintiffs notified Wells Fargo that they were disputing its interest in the loan because the recorded documents did not reflect an assignment of the deed of trust from World Savings Bank to Wells Fargo. Dkt. # 1-2 at 111. Plaintiffs asserted that, in order to have the right to appoint a successor trustee or foreclose on the loan, Wells Fargo must not only be in possession of the Note, but be in possession of a Note containing endorsements

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 1

showing Wells Fargo's interest therein. Dkt. # 1-2 at 114. They requested from Wells Fargo a "certified and true copy of the front and back portion of our original wet-ink Promissory Note, as it exists today, along with all the complete chain of endorsements, affixed or un-affixed allonges, and assignments, if any, whether recorded or not recorded." Dkt. # 1-2 at 116. The Note Wells Fargo provided in response does not contain any stamped endorsements or allonges. Plaintiffs therefore allege that the right to enforce the Note (and any right to payments thereunder) never validly transferred from the original lender, World Savings Bank, and that the successor trustees were not validly appointed. Plaintiffs also allege that they were not in default when defendants issued a "Notice of Pre-Foreclosure Options" on July 20, 2015, and that they have suffered severe emotional distress as a result of defendants' repeated efforts to sell their home.

Based on these allegations, plaintiffs assert claims of wrongful foreclosure and violations of the Washington Consumer Protection Act ("CPA") and the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs request that the Court quiet title to the property in their names, enjoin defendants from taking further action with regards to the property, and award punitive and compensatory damages. Defendants seek dismissal of all of plaintiffs' claims.

Having reviewed the memoranda, declaration, and exhibits submitted by the parties, including defendants' request for judicial notice, the Court finds as follows:

(1) The question for the Court on a motion to dismiss is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 2

rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). All well-pleaded factual allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. In re Fitness Holdings Int'l, Inc., 714 F.3d 1141, 1144-45 (9th Cir. 2013). If the complaint fails to state a cognizable legal theory or fails to provide sufficient facts to support a claim, dismissal is appropriate. Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).[1]

When determining the sufficiency of the allegations in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider documents referenced extensively in the complaint, documents that form the basis of plaintiffs' claims, and matters of judicial notice. United States v. Ritchie, 342 F.3d 903, 908-09 (9th Cir. 2003). For purposes of this motion, the Court has considered the documents that were appended to the complaint, as well as documents related to the loan and its servicing that are referenced extensively in the complaint.[2] In addition,

---

[1] Plaintiffs' reliance on pre-Twombly case law regarding the "disfavor" with which motions to dismiss are viewed and the "no relief could be granted under any set of facts" standard is misplaced.

[2] Plaintiffs object to consideration of the Note because it does not "include stamped endorsements or Allonges attached thereto" and is therefore "fraudulent." Dkt. # 12 at 3. The Note was attached to plaintiffs' complaint, however, and may therefore be considered when determining whether plaintiffs have stated a claim upon which relief can be granted. In addition, the Note, as it currently exists, is evidence of the indebtedness, the parties thereto, and other statements contained therein. The legal effect of endorsements or the lack thereof is for the Court to decide: plaintiffs' arguments do not make the Note inadmissible.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 3

defendants have provided additional documents related to Wells Fargo's corporate history and other judicial proceedings. These documents (Exhibits 3-7 and 20-21 to the Request for Judicial Notice (Dkt. # 8)) can be considered in ruling on the motion to dismiss insofar as they are "not subject to reasonable dispute because [they]: (1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201. The corporate and judicial documents submitted by defendants were filed with or created by government agencies, and plaintiffs have not challenged their authenticity.[3]

The use to which these documents can be put is limited, however. While their existence and the existence of the statements contained therein cannot be reasonably disputed, the truth of the factual statements and opinions presented in the documents has not been established. Whether the records were actually signed by a particular person or an asset had the value represented to the bankruptcy court, for example, will not be assumed in the context of this motion to dismiss if those facts are subject to reasonable dispute.

(2) There are issues of fact regarding plaintiffs' knowledge and the bankruptcy court's reliance which preclude a finding of judicial estoppel in the context of this motion to dismiss.

(3) Plaintiffs' primary argument is that, because the Note does not contain any endorsements or other evidence of a transfer, Wells Fargo is not the holder for purposes of the DTA and can neither appoint a successor trustee nor foreclose on the loan. Plaintiffs are wrong. The Note contains plaintiffs' promise to pay World Savings Bank, "its successors and/or assigns,

---

[3] Plaintiffs filed an objection to the request for judicial notice that addressed "Exhibits A-B and D-H" which are described as Securities and Exchange Commission ("SEC") filings. Dkt. # 12 at 2. Defendants' exhibits are labeled numerically, and none can be described as SEC filings.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 4

or anyone to whom this Note is transferred." Dkt. # 102 at 126. In the circumstances presented here, Wells Fargo is entitled to enforce the Note for two reasons. First, the Note is bearer paper, meaning that whoever is in possession of the Note is entitled to its benefits. Second, both Washington law and the Note support Wells Fargo's contention that, as the legal successor to World Savings Bank, it stands in the original lender's shoes and has all of its rights and obligations under the contract. The loan documents include plaintiffs' promise to pay World Savings Bank's successor, and defendants have produced admissible and uncontested evidence that the Note passed to Wells Fargo through an uninterrupted line of corporate succession: World Savings Bank changed its name to Wachovia Mortgage, which changed its name to Wells Fargo Bank Southwest, which immediately merged into defendant Wells Fargo. Dkt. # 8-1 at 24-33. Pursuant to RCW 23B.11.060(a) and (b), when a merger takes effect, the participating corporations merge into a single surviving entity into which "[t]he title to all real estate and other property owned by each corporation party to the merger is vested . . . without reversion or impairment." Thus, Wells Fargo obtained World Savings Bank's property, including its loan contract with plaintiffs, and every right and interest in that contract transferred to Wells Fargo post-merger through operation of law. No endorsement was necessary.

Plaintiffs argue that World Savings Bank divested itself of any rights it had in the Note back in 2004 when it sold the loan to a trust. There are no allegations in the complaint to support such a theory, nor have plaintiffs provided any supporting evidence. Plaintiffs allege that Wells Fargo holds the Note as trustee on behalf of "the Holders of the MLMI Trust, Mortgage Loan Asset Backed Certificates, Series 2004-FM1." Plaintiffs apparently assume that the series number "2004-FM1" denotes the date on which the trust "closed" and that all assets of the trust would have had to have been acquired by the end of 2004. This is pure speculation and belied by

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 5

the allegations of plaintiffs' complaint, which states that plaintiffs did not enter into the loan agreement until 2005. If, as plaintiffs now argue, their loan was securitized and placed into a trust, that process could not have occurred in 2004.[4]

(4) Plaintiffs' CPA claim fails as a matter of law. The claim is grounded on an incorrect premise, namely that Wells Fargo was not the beneficiary and therefore not entitled to appoint successor trustees and/or initiate non-judicial foreclosure proceedings. Because the underlying premise is false, the claim fails.

(5) Under the FDCPA, a "debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of" a consumer transaction. 15 U.S.C. §1692a(5). A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . ." 15 U.S.C. § 1692a(6). Thus, the strictures of the FDCPA do not apply to creditors like Wells Fargo, which is the successor of the entity that offered or extended credit in the first place and to whom the debt is owed. 15 U.S.C. § 1692a(4).[5]

---

[4] To the extent plaintiffs imply that the securitization of their mortgage nullified the underlying debt obligation or Wells Fargo's right to enforce it, the argument has been routinely rejected in this district. See Andrews v. Countrywide Bank, N.A., 95 F. Supp.3d 1298, 1301 (W.D. Wash. 2015); Cuddeback v. Bear Stearns Residential Mortg. Corp., C12-1300RSM, 2013 WL 5692846, at *3 (W.D. Wash. Sept. 10, 2013); McCarty v. U.S. Bank, N.A., C11-5078RBL, 2012 WL 1751791, at *2 (W.D. Wash. May 16, 2012). To the extent plaintiffs argue that securitization would require endorsement on the face of the note by each investor holding an interest in the trust, the argument is rejected on the ground that endorsement is not the *sine qua non* of enforcement. Under the DTA, the Note is bearer paper, and the person or entity with possession of the Note has the right to enforce it.

[5] Wells Fargo is entitled to dismissal of plaintiffs' FDCPA claim on grounds that are not applicable to defendant Clear Recon Corp. Clear Recon has not made any substantive arguments on its own behalf, and the definition of "debt collector" may be broad enough to encompass the standard operations of mortgage and other loan servicers who request and process payments on debts owed to third parties, in this case Wells Fargo. Thus, the FDCPA claim against Clear Recon may proceed.

ORDER GRANTING IN PART
DEFENDANTS' MOTION TO DISMISS - 6

(6) Plaintiffs' quiet title claim fails because plaintiffs have neither satisfied the loan obligation nor provided any grounds on which the lender's right to payments (and power of sale upon default) should be extinguished.

(7) Although all claims against the Wells Fargo defendants will be dismissed, this action continues as to Clear Recon Corp. In this context, leave to amend will not be blindly granted. If plaintiffs believe they can, consistent with their Rule 11 obligations, amend the complaint to remedy the pleading and legal deficiencies identified above, they may file a motion to amend and attach a proposed pleading for the Court's (and defendants') consideration as required by LCR 15.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 7) is GRANTED in part. All claims asserted against the Wells Fargo defendants are DISMISSED, as are all claims asserted against Clear Recon Corp. with the exception of the FDCPA claim. Defendants' request for judicial notice (Dkt. # 8) is GRANTED.

Dated this 1st day of October, 2019.

Robert S. Lasnik
United States District Judge