UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SERGEY KISLYANKA, *et al.*,

Plaintiffs,

v.

CLEAR RECON CORP., *et al.*,

Defendants.

NO. C19-0673RSL

ORDER GRANTING CLEAR RECON CORP.'S MOTION TO DISMISS

This matter comes before the Court on Defendant Clear Recon Corp.'s "Motion to Dismiss Complaint Pursuant to FRCP 12(b)(6)." Dkt. # 29. The Court previously dismissed all claims against the Wells Fargo defendants, finding that Wells Fargo was entitled to appoint successor trustees and/or initiate non-judicial foreclosure proceedings under the Washington Deed of Trust Act. Dkt. # 15. All claims against Clear Recon Corp. ("CRC") were also dismissed except the Fair Dept Collection Practices Act ("FDCPA") claim: the ground on which that claim was dismissed as to Wells Fargo did not apply to CRC. CRC now seeks dismissal of that last remaining claim.

Plaintiffs allege that Clear Recon Corp. recorded Notices of Trustee Sale against their property but lacked authority to do so. The Supreme Court has held that, for purposes of the FDCPA, entities engaged in nonjudicial foreclosure proceedings are not debt collectors except that they are subject to Section 1692f(6) of the act, which requires that the foreclosing entity act

ORDER GRANTING CLEAR RECON
CORP.'S MOTION TO DISMISS - 1

with proper authority. Plaintiffs' legal theory is therefore correct: if CRC did not have the "present right to possession of the property" at the time it initiated nonjudicial foreclosure proceedings, it could be in violation of the FDCPA. 15 U.S.C. § 1692f(6). Plaintiffs have not, however, alleged any facts giving rise to a plausible inference that CRC lacked the necessary authority. Plaintiffs' allege that Wells Fargo was not the beneficiary of the Note and therefore had no power to appoint CRC as successor trustee. The Court has already determined, however, that Wells Fargo did have that power. Because plaintiffs have alleged no other defect in CRC's authority to initiate nonjudicial foreclosure proceedings, they have failed to state a claim upon which relief can be granted.

Plaintiffs request leave to amend their complaint, but do not identify any facts that could be alleged against CRC that would remedy the deficiencies identified in this Order. Rather, it appears that plaintiffs hope to amend their allegations against the Wells Fargo defendants, arguing that they were deprived of an opportunity to amend their claims against those defendants. Dkt. # 31 at 12. Although the Court did not blindly grant leave to amend when it dismissed plaintiffs' claims against Wells Fargo, plaintiffs were invited to file a motion and a proposed pleading for the Court's consideration as required by LCR 15. They did not do so.[1] The time for amending the claims against Wells Fargo is past, and plaintiffs identify no new facts or legal theories against CRC.

---

[1] The Court again declines to reconsider the dismissal of the claims against the Wells Fargo defendants.

ORDER GRANTING CLEAR RECON
CORP.'S MOTION TO DISMISS  - 2

For all of the foregoing reasons, CRC's motion to dismiss the FDCPA claim asserted against it is GRANTED. The Clerk of Court is directed to enter judgment in favor of defendants and against plaintiffs.

Dated this 24th day of March, 2020.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge